CASE No. 880.

STATE v. McGREER.

1. In the preparation of cases for this court, it is important that the rules regulating appeals, should be observed.

April Term, 1880.

2. Upon the trial of one indicted for assault and battery with intent to kill, the Circuit judge refused to charge "that if the prisoner really thought his life was in danger, or that he was in danger of great bodily harm, he is not guilty, provided he did not negligently come to his conclusion." *Held,* that in such refusal there was no error.

3. The Circuit judge charged the jury "that the prisoner was not to be the judge as to the necessity to inflict the battery, but that the jury was to judge of the necessity." *Held,* that in this there was no error.

4. What is necessary to make out a case of self-defence—stated.

Before THOMSON, J., Abbeville, February, 1880.

This is an appeal taken to this court by Sam McGreer, from a sentence based upon his conviction by the jury under an indictment for assault and battery with intent to kill. The exceptions are fully stated in the opinion of this court.

*Mr. Eugene B. Gary,* for appellant.

*Mr. Solicitor Cothran,* contra.

May 12th, 1880. The opinion of the court was delivered by

McIVER, A. J. This case is presented here merely on a statement signed by the counsel for the appellant, which does not contain any *legal* evidence of having been served upon the counsel on the other side, or having been assented to by him ; nor does it show that it had ever been submitted to the Circuit judge, and the case settled by him ; for while it does state that a copy was served upon the solicitor, and no amendments proposed by him, this is no more than the assertion of counsel in the case, and though, doubtless, entitled to the highest credence, does not furnish that *legal* evidence upon which courts of justice are required to act. Such a mode of presenting an appeal is not in accordance with the rules of this court, and is open to grave objection. But as the counsel representing the state has not seen fit to interpose any objection, doubtless from a desire that the defendant may encounter no obstacle, of what might be regarded as of a technical character (though in some cases it might assume a substantial character) in obtaining the judgment of the court

of last resort as to whether he has been tried strictly according to law, we will waive the objection, and proceed to consider the case upon its merits, having alluded to this matter only for the purpose of calling the attention of the bar to the importance of observing the rules in the preparation of cases for this court.

The indictment charged the offence of assault and battery with intent to kill, and the Circuit judge was requested to charge that "if the prisoner really thought his life was in danger, or that he was in danger of great bodily harm, he is not guilty, provided he did not negligently come to his conclusion." This he refused to do, but charged " that the prisoner was not to be the judge as to the necessity to inflict the battery, but that the jury was to judge of the necessity." Exceptions were duly taken to the charge and refusal to charge, and they constitute the only matters for our consideration.

To make out a case of self-defence, two things are necessary : 1. The evidence should satisfy the jury that the accused actually believed that he was in such immediate danger of losing his life, or sustaining serious bodily harm, that it was necessary, for his own protection, to take the life of his assailant. 2. That the circumstances in which the accused was placed were such as would, in the opinion of the jury, justify such a belief in the mind of a person possessed of ordinary firmness and reason. It is not a question which depends solely upon the belief which the accused may have entertained ; but the question is, what was his belief, and whether, under all the circumstances, as they existed at the time the violence was inflicted, the jury think he ought to have formed such belief. As we understand the charge of the judge, it conformed to the principles above-stated, and was, therefore, free from objection.

The request to charge, which was refused, was justified by the doctrine as laid down by Wharton in the second edition of his work on Homicide, which, however, as he admits in the preface to that edition, is one of the changes "which the last few years have wrought in the judicial conception of the law of homicide." This innovation upon what was previously understood to be the law in this respect does not seem to us to be warranted by the adjudicated cases, which, when closely examined, will not, with

the exception of the case of *Grainger* v. *State*, 3 *Yerger* 459, which has been the subject of much adverse criticism, justify the inference drawn from them, although there may be expressions used by judges in some of the cases which may seem to justify such an inference; and, as there certainly is no authority here for such a doctrine, we are not disposed to adopt it.

. To give the instruction asked for in this case would have tended to convey to the jury the idea that the true test was the belief of the accused as to the necessity for his taking life, while we regard the true test to be the opinion of the jury, after hearing all the circumstances, whether the accused actually believed that such necessity existed, and whether, under all the circumstances surrounding the parties, at the time the violence was committed, he was warranted in forming such belief. There was, therefore, no error in refusing to charge as requested.

The judgment of the Circuit Court is affirmed.

WILLARD, C. J., and McGOWAN, A. J., concurred.